# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| IN RE:<br><br>RAMEN CONCEPTS 1, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 21-30081 |

### DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION PAYROLL, PAYROLL TAXES, AND OTHER RELATED EXPENSES

Ramen Concepts 1, LLC (the "Debtor"), debtor and debtor-in-possession in the above-captioned case, hereby moves (the "Motion") the Court for entry of an order (the "Order"), pursuant to sections 105(a), 363(b), 507(a), and 541(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to pay pre-petition payroll, payroll taxes, and other related expenses in accordance with existing company policies.

In support of the Motion, the Debtor respectfully states as follows:

### JURISDICTION

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a), and 541(d) of the Bankruptcy Code and Rule 6003 of the Bankruptcy Rules.

---

[1] Debtor is the following entity (the last four digits of its taxpayer identification number follow in parentheses): Ramen Concepts 1, LLC (8085). The Debtor's address is 222 E. Bland St., Suite C, Charlotte, NC, 28204.

{00348646 v 1 } 1

3. In support of this Motion, Debtor relies on the Affidavit of Michael Shortino in Support of First Day Relief (the "Shortino Affidavit").

## BACKGROUND

4. Debtor operates a restaurant located at 222 E. Bland Street, Suite C, Charlotte, North Carolina 28204.

5. Debtor employs a total of approximately twenty-four (24) people at its restaurant, consisting of twenty-one (21) hourly employees and three (3) salaried employees at its restaurant, Futo Buta, located 222 E. Bland Street, Charlotte, NC, 28203. Debtor's current and former employees are collectively referred to herein as "Employees" or, in the singular, "Employee."

6. The Employees perform a variety of functions for the Debtor and hold different jobs, including serving staff, kitchen staff, and managerial staff. The Debtor currently provides to-go meals and orders due to the COVID-19 pandemic, meaning the servers wait on customers, facilitate orders, and deliver food to customers. Kitchen staff prepares all orders.

7. The Debtor pays its Employees in arrears biweekly on Fridays for the two-week period ending the previous Sunday. By way of example, in the ordinary course of business, the Debtor would pay its Employees on Friday, Feb. 19, 2021, for the two weeks ending Sunday, Feb. 14, 2021. Employees elect to either receive their pay by direct deposit into their respective bank accounts or by paper checks. Tips are included in the Employees' paychecks.

8. To process its payroll and handle all payroll related taxes, the Debtor relies on a payroll service by ADP, Inc., ("ADP") called ADP Run. The Debtor funds its payroll to ADP on the Thursday before each Friday pay date. For the pay period ending Sunday, Feb. 14, 2021, the Debtor's total payroll totals $21,413.15.

9. The Debtor provides two unpaid holidays for its Employees on Christmas Day and Thanksgiving Day each year. The Debtor provides two weeks paid vacation for its salaried employees and has an informal sick pay policy for those salaried employees, both of which constitute its paid time off policy. Finally, the Debtor provides bonuses to its Employees as its finances allow, however, the bonuses have been suspended due to the ongoing COVID-19 pandemic and the stress the pandemic has caused to the Debtor's financials.

10. On February 16, 2021 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). Debtor is operating its business and managing its property as debtor-in-possession pursuant to section 1184 of the Bankruptcy Code. No examiner or statutory committee has yet been appointed in this Chapter 11 Case. Michael T. Bowers has been appointed Subchapter V Trustee (the "Subchapter V Trustee").

**RELIEF REQUESTED**

11. Pursuant to this Motion, the Debtor seeks authority under sections 105(a), 363(b), 507(a), and 541(d) of the Bankruptcy Code to pay certain pre-petition obligations. As more fully described in the Motion, these pre-petition obligations include the following: pre-petition payroll, salaries, wages, overtime pay, bonuses, paid time off and payroll taxes (collectively, the "Employee Obligations").

**BASIS FOR RELIEF REQUESTED**

12. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that a court may "issue any order, process, or judgment that is necessary to carry out the provisions of this title." "Under 11 U.S.C. § 105[,] the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citation omitted); see also In re Just for Feet, Inc., 242 B.R. 821, 826 (D. Del.

1999) (holding that the court had equitable power under 11 U.S.C. § 105 to authorize payment of pre-petition claims). Accordingly, this Court, in other cases, has approved the payment of pre-petition payroll, payroll taxes, employee benefits, and other related expenses, on the grounds that the payment of such claims was in the best interests of the Debtor, its estate, and its creditors. <u>See, e.g.</u>, <u>In re Piedmont Polymers & Fabrication, LLC</u>, No. 20-31027 (Bankr. W.D.N.C. 2020); <u>In re United Canvas & Sling, Inc.</u>, No. 20-30781 (Bankr. W.D.N.C. 2020).

13. Furthermore, Bankruptcy Rule 6003 provides that payment of pre-petition debts can be authorized to the extent necessary "to avoid immediate and irreparable harm."

14. Here, the continued employment of the Employees is essential to the Debtor's reorganization effort. Any delay in honoring the Employee Obligations would immediately and irreparably harm the Debtor's business by not only damaging the Employees' morale, but also inflicting significant hardship on them at the very time when their dedication and cooperation is most critical. Given that the Debtor's continued operation at this time is necessary to preserve and maximize the value of Debtor's estate, the Debtor cannot risk the substantial disruption to its business operations that would inevitably attend any decline in Employee morale or significant hardship on the Employees attributable to the Debtor's failure to honor the Employee Obligations.

15. In addition, the Employees' claims for salaries, wages, and other compensation and benefits have priority status under the Bankruptcy Code. Section 507(a)(4) of the Bankruptcy Code provides priority status for, among other things,

> allowed unsecured claims, but only to the extent of $13,650 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for – (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual . . .

Under this section, the claims of employees for compensation earned within 180 days prior to the petition date, including, without limitation, wages and salaries for individuals, have priority to the extent of $13,650 per individual.

16. Debtor respectfully submits that the amounts owed (or that may be owed) to the Employees, with respect to certain of the Employee Obligations subject to section 507(a)(4) of the Bankruptcy Code, are within the statutory priority amount and would be required to be paid as priority claims against Debtor. Accordingly, Debtor should be authorized to pay these obligations in the ordinary course of its business.

17. Finally, the Debtor is obligated to make certain tax withholdings from the Employees' pay. Under section 541(d) of the Bankruptcy Code, such taxes are not property of the estate but are instead held in trust for the appropriate taxing authorities. See Begier v. Internal Revenue Service, 496 U.S. 53, 59 (1990) (holding taxes such as excise taxes, FICA taxes, and withholding taxes are property held by the debtor in trust for another, and, as such, do not constitute property of the estate). Because these withholdings are held in trust on behalf of others and thus do not constitute property of the Debtor's estate, the remittance of these amounts will not adversely affect the Debtor's estate or its creditors and is warranted.

## REQUEST FOR WAIVER OF STAY

18. To the extent that the relief sought in the Motion constitutes a use of property under Section 363(b) of the Bankruptcy Code, Debtor seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, Debtor requests that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for Debtor to be able to continue to operate its business and preserve the value of the estate.

## **NOTICE**

19.  Notice of this Motion has been given to the following parties: (i) the Bankruptcy Administrator of the Western District of North Carolina, (ii) the Subchapter V Trustee, (iii) the Debtor's twenty (20) largest unsecured creditors, and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002. Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A: (i) authorizing the payment of pre-petition payroll, payroll taxes, and other related expenses; and (ii) granting such other and further relief as the Court deems appropriate.

This the 17th day of February, 2021.

RAYBURN COOPER & DURHAM, P.A.

By: /s/ Matthew L. Tomsic
C. Richard Rayburn
N.C. State Bar No. 6357
Matthew L. Tomsic
N.C. State Bar No. 52431
Ashley B. Oldfield
N.C. State Bar No. 56552
Suite 1200, The Carillon
227 West Trade Street
Charlotte, NC  28202
(704) 334-0891

*Proposed Counsel to the Debtor*

# EXHIBIT A

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RAMEN CONCEPTS 1, LLC, | ) | Case No. 21-30081 |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |

**ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION PAYROLL, PAYROLL TAXES, AND OTHER RELATED EXPENSES**

This cause came before the Court on February 18, 2021, upon the motion of the above-captioned Debtor (the "Motion")[2] for entry of an order authorizing the Debtor to pay pre-petition payroll, payroll taxes, employee benefits, and other related expenses in accordance with existing company policies, pursuant to sections 105(a), 363(b), 507(a), and 541(d) of the United States Bankruptcy Code and Bankruptcy Rule 6003. Based upon a review of the record, the evidence presented, including the Affidavit of Michael Shortino in Support of First Day Relief, and the arguments of counsel, the Court finds and concludes that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors, and good cause exists to grant the Motion.

---

[1] Debtor is the following entity (the last four digits of its taxpayer identification number follow in parentheses): Ramen Concepts 1, LLC, (8085). The Debtor's address is 222 E. Bland St., Suite C, Charlotte, NC, 28204.
[2] Capitalized terms used but not otherwise defined shall have the meanings set forth in the Motion.

{00348646 v 1 }

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The requirements of Rule 6003 of the Bankruptcy Rules are satisfied, and the relief requested in necessary to avoid immediate and irreparable harm.

3. Notwithstanding Rule 6004(h) of the Bankruptcy Rules, this Order shall be effective and enforceable immediately upon entry hereof.

4. As set forth following this paragraph, the Debtor is hereby authorized and empowered, but not directed, (i) to pay, in accordance with the policies and practices established prior to the Petition Date, to or on behalf of the Employees all Employee Obligations, regardless of whether such Employee Obligations arose before or after the Petition Date; (ii) to perform and honor all other obligations, practices and policies in accordance with the foregoing; and (iii) to pay all taxes, tax deposits and processing fees in connection with payments made or other benefits provided pursuant to this Order. The Debtor is authorized, without limitation to:

   a. Pay, in the ordinary course of the Debtor's business, each Employee his or her accrued but unpaid salaries, wages, overtime pay, bonuses, and paid time off, as applicable as of the Petition Date;

   b. Remit all amounts withheld from Employee paychecks pre-petition but not yet remitted in connection with taxes and withholdings;

   c. Pay processing fees of Debtor's payroll service provider, ADP, Inc., even if those charges were incurred prepetition; and

   d. Pay all costs incident to the payment of the Employee Obligations.

5. All banks are hereby authorized and directed to honor all Employee wage and salary checks and all funds transfer requests drawn on the Debtor's account that are presented for

payment or funds transfer requests that relate to accrued and unpaid prepetition obligations of the Debtor to Employees regardless of whether or not the checks or transfer requests were issued prior to or after the Petition Date, to the extent sufficient funds are on deposit or the Debtor arranges to have sufficient funds deposited in the applicable account.

6. All banks are hereby authorized to rely upon the Debtor's representation that a particular payment is authorized under this Order, and no bank shall be liable for honoring any payment based on the Debtor's representation that a payment is authorized under this Order.

7. The Debtor is authorized to reissue checks to cover amounts owing on any checks covered by this Order that have been dishonored and to reimburse Employees for any resulting charges.

8. Nothing in the Motion or this Order, nor the debtor's payment of claims pursuant to this Order, shall be deemed or construed: (a) as an admission to the validity of any claim against the Debtor; (b) as a waiver of the Debtor's rights to dispute any claim; (c) to waive or release any right, claim, defense or counterclaim of the Debtor or its estate, or to estop the Debtor or its estate from asserting any right, claim, defense or counterclaim; (d) as an approval or assumption of any agreement, contract or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

9. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

10. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

{00348646 v 1 }

11. Pursuant to Local Rule 9013-1(f), any party shall be entitled to request a hearing or request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

{00348646 v 1 }