

FILED & JUDGMENT ENTERED
Steven T. Salata

July 27 2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

IN RE:

RAMEN CONCEPTS 1, LLC,

    Debtor.[1]

Chapter 11

Case No. 21-30081

## ORDER CONFIRMING PLAN OF REORGANIZATION OF
## RAMEN CONCEPTS 1, LLC

Upon consideration of the Plan of Reorganization of Ramen Concepts 1, LLC, (the

"Debtor") on July 14, 2021, [Docket No. 107] (as modified and supplemented herein, the

"Plan")[2] transmitted to the Debtor's creditors and other parties in interest in accordance with the

Order Setting Confirmation Hearing and Fixing Time for Filing Acceptances and Rejections of

the Plan [Docket No. 108] (the "Confirmation Hearing Order"); the Certificate of Service filed

on or about May 18, 2021, [Docket No. 112] regarding service of the Plan on Holders of Claims

and Interests and other parties in interest; the Report of Voting on Plan of Reorganization of

Ramen Concepts 1, LLC, [Docket No. 148]; the Declaration of Michael Shortino in Support of

---

[1] Debtor is the following entity (the last four digits of its taxpayer identification number follow in parentheses): Ramen Concepts 1, LLC (8085). The Debtor's address is 222 E. Bland St., Suite C, Charlotte, North Carolina 28204.

[2] Any capitalized term used, but not defined herein, shall have the meaning ascribed to it in the Plan.

Confirmation of Plan of Reorganization of Ramen Concepts 1, LLC, [Docket No. 149] (the "Shortino Declaration") filed on July 12, 2021; and a hearing having been held before this Court on July 14, 2021, the "Confirmation Hearing") to consider confirmation of the Plan; and due notice of the Confirmation Hearing having been given to all parties in interest in accordance with the Confirmation Hearing Order; and the appearance of all interested parties having been noted on the record; and based upon the evidence offered at the Confirmation Hearing, upon the entire record of the Chapter 11 Case and upon all of the proceedings held before the Bankruptcy Court; and after due deliberation;[3]

THE BANKRUPTCY COURT FINDS AND CONCLUDES THAT:

A.     Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)). The Bankruptcy Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Code and should be confirmed.

B.     Judicial Notice. The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed including exhibits thereto, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case.

C.     Bar Date. Pursuant to Notice of Chapter 11 Bankruptcy Case [Docket No. 6], the deadline to file proofs of claim in this Chapter 11 Case was April 27, 2021 (the "Bar Date").

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as finding of facts when appropriate. See Fed. R. Bankr. P. 7052.

D.      <u>Confirmation Hearing Order</u>. The Confirmation Hearing Order, among other things, (i) fixed June 30, 2021, at 9:30 a.m. (ET) as the date for the commencement of the Confirmation Hearing with such Confirmation Hearing being continued to July 14, 2021; (ii) fixed June 25, 2021, as the last date and time for filing and serving objections to confirmation of the Plan (the "<u>Plan Objection Deadline</u>"); and (iii) fixed June 25, 2021, as deadline for receipt of Ballots (the "<u>Ballot Deadline</u>").

E.      <u>Transmittal of Plan</u>. The Plan was transmitted to all Holders of Claims and Interests on May 17, 2021, [Docket No. 112].

F.      <u>Transmittal and Mailing of Materials; Notice</u>. Adequate and sufficient notice of the Plan and the Confirmation Hearing Order, including the other deadlines and hearings described in the Confirmation Hearing Order was given in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Hearing Order, and no other or further notice is or shall be required.

G.      <u>Solicitation</u>. Solicitation of the Plan by the Debtor was conducted in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Confirmation Hearing Order, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

H.      <u>Ballots</u>. All procedures used to distribute the solicitation packages to the applicable holders of Claims and Interests and to tabulate ballots were fair and conducted in accordance with the Confirmation Hearing Order, the Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other applicable rules, laws, and regulations.

I.      <u>Impaired Classes Voting to Accept the Plan</u>. As evidenced by the Ballot Report, Classes 1 and 2 have accepted the Plan. All other Classes of Claims and Interests either did not

submit any ballots accepting or rejecting the Plan or are unimpaired and deemed to accept the Plan pursuant to the requirements of sections 1124 and 1126 of the Code.  Therefore, at least one (1) Class of Claims or Interests that is impaired under the Plan has accepted the Plan (determined without including any acceptances of the Plan by any insider), thus satisfying the requirements of section 1129(a)(10) of the Code.

J.     Burden of Proof. The Debtor has met its burden of proving the elements of section 1129(a) of the Code by a preponderance of evidence, which is the applicable evidentiary standard.

K.     Plan Compliance with Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Code, thereby satisfying section 1129(a)(1) of the Code.

a.     Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). Article III of the Plan designates Classes of Claims and Interests for the Debtor. The Claims and Interests placed in each Class are substantially similar to other Claims or Interests as the case may be in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Code.

b.     Specification of Treatment of Unimpaired Classes (11 U.S.C. § 1123(a)(2)). The Plan does not have unimpaired classes, making section 1123(a)(2) inapplicable.

c.     Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Article III of the Plan specifies the Classes of Claims and Interests that are impaired

under the Plan. Article III of the Plan specifies the treatment of Claims and Interests in all such Classes. Thus, the Plan satisfies section 1123(a)(3) of the Code.

d.      No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest. Thus, the Plan satisfies section 1123(a)(4) of the Code.

e.      Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Plan provides adequate and proper means for implementation of the Plan, including without limitation, as described in Article VII of the Plan. Thus, the Plan satisfies section 1123(a)(5) of the Code.

Additionally, the changes to the Plan, as set forth in Paragraph 3 of this Order, below, substantially enhance the prospect of success for the Plan, as it resolves the dispute with TowneBank related to the PPP Loan and lifts the administrative hold placed on the Debtor's bank account by TowneBank so the Debtor will be able to make the payments required by the Plan.

f.      Prohibition against Issuance of Non-Voting Equity Securities and Provisions for Voting Power of Classes of Securities (11 U.S.C. § 1123(a)(6)). The Reorganized Debtor shall prohibit the issuance of non-voting stock in the Reorganized Debtor. Thus, the Plan satisfies section 1123(a)(6) of the Code.

g.      Selection of Designated Officers (11 U.S.C. § 1123(a)(7)). Throughout the Plan, the Debtor has adequately disclosed the identity of the individuals proposed to serve on or after the Effective Date as the members and managers of the Reorganized Debtor.

The appointment of these is consistent with the interests of the holders of Claims and with public policy. Thus, section 1123(a)(7) of the Code is satisfied.

h.      <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The Plan's provisions are appropriate and consistent with the applicable provisions of the Code, including, without limitation, provisions for (a) distributions to holders of Allowed Claims, (b) the disposition of executory contracts and unexpired leases, (c) resolution of Disputed Claims, (d) allowance or disallowance of Claims, (e) exculpation of various persons as set forth in the Plan, and (f) the various injunctions set forth in the Plan.

1.   Specifically, the compromise and settlement between the Debtor, MW21, Churu, and the Shortino Parties set forth in the Plan is fair and reasonable. The settlement falls within the reasonable range of litigation possibilities and therefore should be approved. The likelihood of success in litigation over the Arbitration Award and Avoidance Actions through this Chapter 11 Case, is uncertain at best. The settlement with MW21, Churu, and the Shortino Parties provides a benefit to the Debtor and Reorganized Debtor by providing a structure through which the Arbitration Award can be paid over an extended period of time and the Shortino Contribution can support the Debtor's Plan, respectively. Additionally, there is uncertainty and risk to the Debtor regarding the outcome of the various potential disputes with MW21, Churu, and the Shortino Parties in the Chapter 11 Case, including the Debtor's ability to confirm a plan of reorganization over MW21's and Churu's

objection. Further litigation in this Chapter 11 Case and any subsequent proceedings are likely to be complex, time consuming, and expensive. Therefore, the Court finds the Plan, including the settlements with MW21, Churu, and the Shortino Parties, to be fair and reasonable under the circumstances.

2. Additionally, the compromise and settlement between the Debtor and TowneBank as set forth in Paragraph 3 of this Order is fair and reasonable. The settlement falls within the reasonable range of litigation possibilities and therefore should be approved. The likelihood of success in litigation related to the PPP Loan through this Chapter 11 Case, is uncertain at best. The settlement with TowneBank provides a benefit to the Debtor and Reorganized Debtor by releasing the administrative hold on the Debtor's funds by TowneBank, allowing the Debtor and Reorganized Debtor access to its funds for required Plan payments, and provides certainty related to TowneBank's review and process of the PPP Loan. Additionally, there is uncertainty and risk to the Debtor regarding the outcome of the various potential disputes with TowneBank in the Chapter 11 Case, including the Debtor's ability to confirm a plan of reorganization over TowneBank's objection. Further litigation in this Chapter 11 Case and any subsequent proceedings are likely to be complex, time consuming, and expensive. Therefore, the Court finds the Plan, including the

settlement with TowneBank, to be fair and reasonable under the circumstances.

i.       <u>Fed. R. Bankr. P. 3016(a)</u>. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).

j.       <u>Fed R. Bankr. P. 3016(c)</u>. The Plan describes in specific and conspicuous language all acts to be enjoined that are not otherwise enjoined under the Code and entities that would be subject to the injunction under the Plan, thereby satisfying Bankruptcy Rule 3016(c).

L.       <u>Proponent's Compliance with Code (11 U.S.C. § 1129(a)(2))</u>. Except as otherwise provided or permitted by orders of the Bankruptcy Court, the Debtor has complied with all applicable provisions of the Code, the Bankruptcy Rules, the Confirmation Hearing Order, and other orders of this Bankruptcy Court thereby satisfying section 1129(a)(2) of the Code. Specifically, the Debtor is a proper debtor under section 109 of the Code.

M.       <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law and this Confirmation Order was not procured by fraud, thereby satisfying section 1129(a)(3) of the Code. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has considered the evidence and exhibits at the confirmation hearing, has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case, the formulation of the Plan and all modifications thereto. The Debtor's members and managers acted with due care and engaged in a reasonable inquiry of the Debtor's prospects for success in further litigation with MW21, Churu, the Shortino Parties, and TowneBank, respectively, and weighed appropriate considerations in deciding between continued litigation in this Chapter 11 Case, or agreeing to the settlements with MW21, Churu,

the Shortino Parties, and TowneBank set forth in the Plan and in Paragraph 3 below. The Debtor's settlements with MW21, Churu, the Shortino Parties, and TowneBank embodied in the Plan and in Paragraph 3 below were negotiated in good faith, at arms' length, and represent a good-faith compromise of many disputed issues. The Chapter 11 Case was filed and the Plan was proposed, with the legitimate and honest purpose of reorganizing and maximizing the value of the Debtor's Estate and the recovery to holders of Allowed Claims. Further, the Plan is not proposed by any means forbidden by law.

N.     <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 Case prior to the Confirmation Date, including administrative expense and substantial contribution claims under sections 503 and 507 of the Code, or in connection with the Plan and incident to the Chapter 11 Case, either has been approved by or is subject to the approval of the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Code.

O.     <u>Members, Managers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtor has complied with section 1129(a)(5) of the Code and has disclosed the identity of the members and managers of the Debtor. The appointment of the members and managers is consistent with the interests of holders of Claims and with public policy.

P.     <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. Section 1129(a)(6) of the Code is not applicable to the Debtor.

Q.     <u>Best Interests Test (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies section 1129(a)(7) of the Code as all Holders of Impaired Allowed Claims have accepted the Plan.

R.     Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Administrative Claims and Priority Tax Claims are not classified in the Plan. Classes 1 and 2, which are Impaired Classes under the Plan, voted to accept the Plan both in the required number of accepting votes and in the required dollar amounts of Claims accepting. No votes were cast in Classes 3 and 4 and no objections were filed by holders of Claims in Classes 3 and 4, both of which deem Classes 3 and 4 to accept the Plan. The Ballot Report reports the final balloting as follows: (1) Class 1 accepted by both 100% votes cast and amounts accepting; and (2) Class 2 accepted by both 100% votes cast and amounts accepting. Pursuant to the Plan and as approved by the Bankruptcy Court at the Confirmation Hearing, the Ballot Report is accepted by the Bankruptcy Court.

S.     Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Claims, Priority Non-Tax Claims, and Secured Tax Claims under the Plan satisfies the requirements of section 1129(a)(9)(A-D) of the Code, and the treatment of Priority Tax Claims under the Plan satisfies the requirements of section 1129(a)(9)C of the Code.

T.     Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)). Classes 1 and 2 in the Chapter 11 Case are Impaired Classes of Claims that have voted to accept the Plan.

U.     Feasibility (11 U.S.C. § 1129(a)(11)). Section 1129(a)(11) of the Code is satisfied by the Plan and confirmation of the Plan is not likely to be followed by a chapter 7 liquidation of the Debtor. The Shortino Declaration and evidence and exhibits proffered or adduced at the Confirmation Hearing (1) are persuasive and credible, (2) have not been controverted by other evidence and (3) establish that the Plan is feasible. The Court is not required to find that the Plan is guaranteed to succeed in order to find that it is feasible, only that it presents a realistic,

workable framework. See In re American Capital Equipment, LLC, 688 F.3d 145, 156 (3d. Cir. 2012). Additionally, the changes to the Plan, as set forth in Paragraph 3 of this Order, below, substantially enhance the prospect of success for the Plan, as it eliminates the administrative hold on the Debtor's bank account and resolves uncertainty related to the PPP Loan.

V.      Payment of Fees (11 U.S.C. § 1129(a)(12)). The Debtor has paid or will pay, on the Effective Date, or as soon thereafter as practicable, all fees due and payable under 28 U.S.C. § 1930, thereby satisfying section 1129(a)(12) of the Code. The Debtor shall continue to file quarterly reports and pay all fees due and payable under 28 U.S.C. § 1930 until the closing of the Chapter 11 Case.

W.      Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(15)). Sections 1129(a)(13)-(16) are inapplicable as the Debtor (i) does not provide retiree benefits as defined in section 1114 of the Code; (ii) has no domestic support obligations; and (iii) is a for-profit business. Additionally, section 1129(a)(15) does not apply to subchapter V proceedings pursuant to section 1191.

X.      Principal Purpose of Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

Y.      Good Faith Solicitation (11 U.S.C. § 1125(e)). The Debtor, and its agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and Confirmation Hearing Order and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

Z.      Rejection and Assumption of Executory Contracts and Unexpired Leases. The Debtor has exercised reasonable business judgment in determining whether to assume or reject

executory contracts and unexpired leases as set forth in Article V of the Plan. Each assumption

or rejection of an executory contract or unexpired lease pursuant to the Plan and assignment, if

any, shall be legal, valid, and binding upon the Debtor and its assignees or successors and all

non-Debtor parties to such executory contract or unexpired lease, all to the same extent as if such

assumption or rejection had been effectuated pursuant to an appropriate Final Order of the

Bankruptcy Court entered before the Confirmation Date under section 365 of the Code.

AA.     <u>Retention of Jurisdiction</u>. The Bankruptcy Court properly may retain jurisdiction

over the matters set forth in the Plan, including, without limitation, Section 10.1 of the Plan after

the Effective Date; <u>provided</u>, <u>however</u>, that nothing in the Plan or this Confirmation Order shall

be effective to expand the jurisdiction of the Bankruptcy Court following the occurrence of the

Effective Date beyond that jurisdiction, which is provided for in section 1132 of the Code, 28

U.S.C. § 157, and/or 28 U.S.C. § 1334.

ACCORDINGLY, THE BANKRUPTCY COURT HEREBY ORDERS THAT:

1.     <u>Confirmation</u>. The Plan, as amended or modified, including all exhibits and

attachments to the Plan, is approved, and the Plan is hereby confirmed as a consensual plan

under section 1191(a) of the Bankruptcy Code. The Plan, including all terms and all exhibits and

attachments of the Plan, as amended or modified, are incorporated by reference into and are an

integral part of this Confirmation Order. The failure to include or specifically reference any

particular provision of the Plan in this Confirmation Order shall not diminish or impair the

effectiveness of such provision.

2.     <u>Severability</u>. Each term and provision of the Plan is valid and enforceable

pursuant to its terms.

3.    <u>Modifications to the Plan</u>. The following modifications to the Plan are hereby approved and incorporated into the Plan as if set forth fully therein:

    a.   Section 1.2.44 of the Plan defining Exculpated Claim is deleted in its entirety.

    b.   Section 1.2.45 of the Plan defining Exculpated Party is deleted in its entirety.

    c.   The defined term "PPP Loan" is added to Section 1.2 specifically as follows:

<u>PPP Loan</u>. The loan in the amount of $255,400.00 with TowneBank as the lender under the U.S. Small Business Administration's Paycheck Protection Program set forth in the Coronavirus Aid, Relief, and Economic Security Act as may be amended, modified or supplemented from time to time and the rules and regulations thereunder.

    d.   Article VII is amended with the addition of Section 7.17, specifically as follows:

7.17   <u>PPP Loan</u>. Pursuant to the settlement between the Debtor and TowneBank, (i) TowneBank will forward the Debtor's forgiveness application related to the PPP Loan (the "Forgiveness Application") to the U.S. Small Business Administration (the "SBA") and seek approval of the Forgiveness Application; (ii) TowneBank will release the administrative hold on the Debtor's deposit account ending in 5444 upon confirmation of the Plan; (iii) TowneBank will support the Plan at the Confirmation Hearing; (iv) should the SBA not approve the Debtor's Forgiveness Application, the PPP Loan will be treated as provided by the Plan; (v) the Confirmation Hearing proceeded July 14, 2021; and (vi) the pending motions [Docket Nos. 111, 118, and 122] set for hearing July 14, 2021, are withdrawn by TowneBank and the Debtor with each party to bear its own costs.

4.    <u>Use of Funds</u>. The Debtor and Reorganized Debtor shall not allow any Person to exercise personal use of the Debtor's and Reorganized Debtor's funds. This Order specifically

prohibits the use of the Debtor's and Reorganized Debtor's funds for personal use except as otherwise provided in this Plan.

5.      <u>Considerations Regarding Claim Amounts and Classifications</u>. The classification and allowance of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The Debtor retains all rights to contest the amount, classification, or validity of any Claim for purposes of allowance and/or distribution under the Plan, as provided in the Plan and this Confirmation Order.

6.      <u>Vesting of Assets</u>. On the Effective Date pursuant to section 1141(b) of the Code, all assets of the Debtor shall vest in the Reorganized Debtor, and such vesting: (i) is and shall be legal, valid, and effective transfers of property; (ii) shall vest the transferee with good title to such property free and clear of all Liens, Claims, encumbrances, and Interests of any Person, except as expressly provided in the Plan or the Confirmation Order; (iii) does not and shall not constitute avoidable transfers under the Code or under the applicable bankruptcy or non-bankruptcy law; and (iv) does not and shall not subject the Debtor to any liability by reason of such transfer under the Code or under applicable non-bankruptcy law, including any laws affecting successor or transferee liability. From and after the Effective Date, the Reorganized Debtor shall conduct its business and control the disposition of its assts in its sole discretion, without the need for approval of the Bankruptcy Court, including, but not limited to, Plan Section 8.3. Further, from and after the Effective Date, the Reorganized Debtor shall be permitted to pay professionals for services provided and fees and expenses incurred on and after the Confirmation Date in the ordinary course of the Debtor's business, and without the need for any such professional to file an application for approval of such fees and expenses with this Court.

7.      <u>Effects of Confirmation; Immediate Effectiveness; Successors and Assigns</u>. The

Debtor is authorized to consummate the Plan after entry of this Confirmation Order.

Notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation

Order, the terms of the Plan, as amended or modified, (including all exhibits and attachments

thereto, and all documents and agreements executed pursuant to the Plan) and this Confirmation

Order shall be binding on (a) the Debtor; (b) all holders of Claims against and Interests in the

Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders

accepted the Plan, (c) each Person acquiring property under the Plan, (d) any other party in

interest, (e) any person making an appearance in this Chapter 11 Case, (f) any person receiving

notice of the Bankruptcy Case or the Plan, and (g) each of the foregoing's respective heirs,

successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents,

representatives, attorneys, beneficiaries, or guardians. Upon the making of the Distributions to be

made on the Effective Date or soon thereafter, the Plan shall be deemed substantially

consummated under sections 1101 and 1127(b) of the Code. If any provision of this

Confirmation Order is hereafter modified, vacated, or reversed by subsequent order of this Court

or any other court, such reversal, modification or vacation shall not affect the validity of the

obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's

receipt of written notice of any such order, nor shall such reversal, modification, or vacation

hereof affect the validity or enforceability of such obligations. Notwithstanding any reversal,

modification, or vacation hereof, any such obligation incurred or undertaken pursuant to and in

reliance on this Confirmation Order prior to the effective date of such reversal, modification, or

vacation shall be governed in all respects by the provisions of this Confirmation Order and the

Plan, and all documents, instruments, and agreements related thereto, or any amendments or modifications thereto.

8.      <u>Causes of Action and Avoidance Actions</u>. Except as expressly provided for in the Plan or this Confirmation Order, any and all Causes of Action of any kind or nature whatsoever against parties arising before the Effective Date, including, without limitation, the preserved Causes of Action, whether known or unknown, asserted or unasserted, matured or unmatured and regardless of whether the existence of same has been disclosed shall survive the Effective Date of the Plan and shall be preserved for the benefit of the Debtor, and shall be enforceable by the parties set forth in the Plan in the name of the Debtor or otherwise. All Causes of Action are reserved and preserved to the extent set forth in the Plan, including, without limitation, this Order and Section 7.10 of the Plan.

Confirmation of this Plan shall not be deemed res judicata or waiver or the basis for estoppel or create any defense as to the prosecution to judgment on the merits of any and all claims of the Debtor or Causes of Action by the Debtor, whether an action to prosecute such claims of the Debtor or Causes of Action are filed prior to or after confirmation of the Plan.

9.      <u>Rejection and Assumption of Executory Contracts and Unexpired Leases</u>. As of the Effective Date, all unexpired leases of non-residential real property and other executory contracts that have not previously been assumed or rejected, are not the subject of a motion to reject pending the Confirmation Date, and were not rejected in the Plan shall be deemed assumed by the Debtor, and this Confirmation Order shall constitute an order under Section 365 of the Bankruptcy Code authorizing the approval of the assumption or rejection as the case may be of such agreements as of the Effective Date.

10.    <u>Rejection Damages Claims</u>. **If the rejection of any executory contract or unexpired lease under the Plan gives rise to a Claim by the non-Debtor party or parties to such contract or lease, such Claim, to the extent that it is timely filed and is an Allowed Claim, shall be classified in Class 2; provided, however, that the Unsecured Claim arising from such rejection shall be forever barred and shall not be enforceable against the Debtor, the Reorganized Debtor, their successors or properties, unless a proof of such Claim is filed and served on the Reorganized Debtor on or before the date that is the later of (a) the Bar Date and (b) thirty (30) days after the date of the order of the Bankruptcy Court rejecting the executory contract or unexpired lease, which may include, if applicable, the Confirmation Order. Failure to comply with this deadline shall forever bar the Holder of such a Claim from seeking payment thereof.**

11.    <u>Cure Amounts</u>. The amount of any cure payment, if any, that may be required in order for the Debtor to assume any Assumed Agreement shall be deemed to be $0.00. Any counterparty to an executory contract or unexpired lease is hereby barred from asserting any right to any cure amount except as set forth on the Cure Schedule or from objecting to the assumption of its executory contract or unexpired lease by the Reorganized Debtor. **Further, any Claim filed or scheduled in the Debtor's Schedules arising from an Assumed Agreement is hereby disallowed in full in the Chapter 11 Case.**

12.    <u>Insurance Policies</u>. Notwithstanding anything to the contrary in the Plan, any insurance policy in effect as of the date of the Effective Date that provides insurance coverage to the Debtor or its members, managers, or employees shall remain in effect through its expiration in accordance with the terms and conditions of such policy. To the extent that any such policies

are deemed to be an executory contract, the assumption of such policies is hereby approved and the cure amount with respect thereto is $0.00.

13.   <u>Compromise and Settlement</u>. Pursuant to Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good-faith compromise of all Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a holder of a Claim or Interest may have with respect to any Allowed Claim or Interest, or any distribution to be made on account of such Allowed Claim or Interest. The compromises and settlements of such Claims and Interests embodied in the Plan are fair, equitable, and reasonable and are in the best interests of the Debtor, the Estate, and all holders of Claims and Interests, and therefore the same should be, and are, approved. Without limitation, the agreements between the Debtor, MW21, Churu, the Shortino Parties, and TowneBank constitutes good-faith, arms-length compromises, and are fair, equitable, and reasonable and are in the best interests of the Debtor, the Estate, and all holders of Claims and Interests. The Court finds the Debtor's member and manager acted in good faith in negotiating and proposing the Plan, including the settlements embodied in the Plan and in this Order. Furthermore, the settlements are fair, equitable, and fall within the reasonable range of litigation possibilities.

14.   <u>Discharge</u>. The discharge provisions set forth in the Plan, including, without limitation, Section 8.1 and 8.2 of the Plan, are hereby approved in their entirety. The consideration distributed under the Plan shall be in exchange for, and in complete satisfaction of, the discharge, release, and termination of all Claims of any nature whatsoever against the Estate or the Debtor. In addition, except as otherwise provided herein or in the Plan, upon the Effective Date, the Debtor shall be deemed discharged and released pursuant to section 1141(d)(1)(A) of

the Bankruptcy Code from any and all Claims, including but not limited to demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not (a) a proof of claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) a Claim based upon such debt is allowed under Section 502 of the Bankruptcy Code; or (c) the Holder of a Claim based upon such debt has accepted this Plan. This Confirmation Order shall be a judicial determination of discharge and termination of all liabilities of and all Claims against the Estate and Debtor and all liens and security interests in the Debtor's personal property, except as otherwise specifically provided in the Plan or the Confirmation Order. **On the Confirmation Date, as to every discharged Claim and other debt of the Debtor, the Holder of such Claim or other debt of the Debtor shall be permanently enjoined and precluded from asserting against the Reorganized Debtor, or against its assets or properties or transferee thereof, any other or further Claim or other debt of the Debtor based upon any document, instrument, or act, omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date _except_ as expressly set forth in the Plan or this Confirmation Order.** In the event that, after the Confirmation Date, any Person asserts, against the Reorganized Debtor or any of its subsidiaries or affiliates, any right to payment or equitable remedy for breach of performance which gives rise to a right of payment, which right was not asserted prior to the Confirmation Date but is based on any act, fact, event, occurrence, or omission, by or relating to the Debtor, as the Debtor existed before the Confirmation Date, and in the further event that such right is determined by a court of competent jurisdiction not to have been discharged pursuant to the provisions of the Bankruptcy Code section 1141 and this Plan, and that such right may be asserted against the Reorganized Debtor, then, in such circumstances

the holder of such right shall be entitled to receive from the Reorganized Debtor value equivalent to the value such holder would have received if such right had been asserted against the Debtor before the Confirmation Date and only to the extent such right would have been allowed or allowable as a Claim. Nothing in this or Section 8.1 of the Plan shall have the effect of excepting from discharge any Claim that is or would be discharged pursuant to Bankruptcy Code section 1141 or this Plan.

15.   Exculpation. **To the fullest extent permitted by section 1125(e) of the Bankruptcy Code, as of the Effective Date, no exculpated party shall have or incur, and each exculpated party is hereby released and exculpated from, any exculpated claim or any obligation, Cause of Action, or liability for any exculpated claim, except for actual fraud, willful misconduct, or gross negligence, and in all respects, the exculpated parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. The exculpated parties have, and upon the Confirmation Date shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of acceptances and rejections of the Plan and, therefore, are not and shall not be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.**

16.   Injunction. The injunction provisions set forth in the Plan, including, without limitation, Sections 7.11, 7.16, and 8.4 of the Plan are hereby approved in their entirety, except as modified herein. **All injunctions and/or stays provided for in this Chapter 11 Case or in connection with this Chapter 11 Case, whether pursuant to the provisions of the Bankruptcy Code or other applicable law, in existence on the Confirmation Date, shall**

**remain in full force and effect through the Effective Date and thereafter if provided by the Plan, the Confirmation Order, or by their own terms. In addition, on and after the Confirmation date, the Debtor may seek such further orders as it deems necessary and appropriate to preserve the status quo during the period between the Confirmation Date and Effective Date. Furthermore, the Confirmation Order shall permanently enjoin the commencement, prosecution, and continuation by a Person, whether directly, derivatively or otherwise, of any claims, commitments, obligations, suits, judgments, damages, demands, Causes of Action and liabilities released pursuant to the Plan. So long as the Debtor and Reorganized Debtor perform their obligations as set forth in the Plan, the Debtor, Reorganized Debtor, Shortino Parties, and Arbitration Claimants shall be enjoined from continuing, commencing, or prosecuting against each other any claims, commitments, obligations, suits, judgments, damages, demands, debts, Causes of Action, and liabilities, including but not limited to the Arbitration Award, related to any act, omission, transaction, or other occurrence taking place on or prior to the Effective Date.**

17.    <u>Terms of Injunctions or Stays</u>. Unless otherwise provided, all injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105 or 362 of the Code or otherwise in effect on the Confirmation Date shall remain in full force and effect until the Effective Date after which the permanent injunctions of the Plan, this Order, and the Code will be given full force and effect.

18.    <u>General Authorizations</u>. The Debtor and/or the Reorganized Debtor are authorized to execute, deliver, file, or record such contracts, instruments, notes and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Plan, including, without limitation,

amendments of applicable articles of incorporation, by-laws or similar documents. The Debtor, its members, managers, agents, and attorneys are authorized and empowered to issue, execute, deliver, file, or record any agreement, document or security, and to take any action necessary or appropriate to implement, effectuate, and consummate the Plan in accordance with its terms, or to take any or all corporate actions authorized to be taken pursuant to the Plan without further order of the Bankruptcy Court, and any or all such documents shall be accepted by each of the respective state filing offices and recorded in accordance with their terms and the provisions of state law.

19.    <u>Exemption from Certain Taxes and Recording Fees</u>. Any transfer of all or any portion of the Debtor's assets pursuant to this Plan shall constitute a "transfer under a plan" within the purview of section 1146(c) of the Code and shall not be subject to any stamp tax or similar tax.

20.    <u>Bar Date for Certain Administrative Expense Claims</u>. **Unless otherwise ordered by the Bankruptcy Court, requests for payment of Administrative Claims, including all applications for final allowance of compensation and reimbursement of expenses of Professionals incurred before the Confirmation Date, must be filed and served on counsel for the Debtor and the Bankruptcy Administrator no later than thirty (30) days after the Effective Date. Any person required to file and serve a request for payment of an Administrative Claim who fails to timely file and serve such request shall be forever barred, estopped, and enjoined from asserting such Claim or participating in distributions under the Plan on account thereof. The Administrative Claims Bar Date shall not apply to fees and expenses of Professionals incurred after the Confirmation Date, parties seeking**

**payment of post-petition ordinary course trade obligations, and amounts arising under
agreements approved by the Bankruptcy Court or the Plan.**

21.    <u>Governmental Approvals not Required</u>. This Confirmation Order shall constitute

all approvals and consents required, if any, by the laws, rules, or regulations of any state or any

other governmental authority with respect to the implementation or consummation of the Plan

and any documents, instruments, or agreements, and any amendments or modifications thereto,

and any other acts referred to in or contemplated by the Plan and any documents, instruments, or

agreements, and any amendments thereto.

22.    <u>Reporting and Payment of Fees</u>. The Debtor and/or the Reorganized Debtor shall

furnish such reports as are required by the Bankruptcy Code and the Rules of Bankruptcy

Procedures, the United States Bankruptcy Administrator's Guidelines and the Local Bankruptcy

Rules of this Court until the Chapter 11 Case is closed.

23.    <u>Retention of Jurisdiction</u>. Pursuant to sections 105(a) and 1142 of the Code, and

notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the

Bankruptcy Court shall retain jurisdiction as provided in the Plan over all matters arising out of,

arising in, and related to the Chapter 11 Case and the Plan to the fullest extent permitted by law,

including, among other items and matters, those items and matters set forth in Article X of the

Plan.

24.    <u>Filing and Recording</u>. This Confirmation Order (a) is and shall be effective as a

determination that, on the Effective Date, all Claims existing prior to such date have been

released, satisfied, and terminated to the extent provided herein or in the Plan, and (b) is and

shall be binding upon and shall govern the acts of all entities including, without limitation, all

filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of

deeds, registers of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record, or release any document or instruments. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order and to the extent appropriate, without payment of any recording tax, stamp tax, or similar tax imposed by state or local law.

25.    <u>Reference to Plan Provisions</u>. The failure to include or specifically reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety.

26.    <u>Notices</u>. The Debtor shall serve notice of entry of this Confirmation Order and occurrence of the Effective Date in accordance with Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c); <u>provided</u>, <u>however</u>, that notice need not be given or served under the Code, the Bankruptcy Rules, or this Confirmation Order to any Person to whom the Debtor mailed a notice of the Bar Date or the Confirmation Hearing Order, but received such notice returned marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such Person of that Person's new address. The notice described herein is adequate under the particular circumstances of this Chapter 11 Case, and no other or further notice is necessary. Service of notice in accordance with

this decretal paragraph shall constitute good and sufficient notice of the Administrative Claims Bar Date, and no other or further notice of such Bar Date shall be required.

27.    <u>Effect of Conflict between Plan and Confirmation Order</u>. If there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

28.    <u>Binding Effect</u>. Pursuant to sections 1123(a) and 1142(a) of the Code and the provisions of this Confirmation Order, the Plan shall be binding upon and inure to the benefit of the Debtor, the Reorganized Debtor, all present, future, and former holders of Claims and Interests and their respective heirs, personal representatives, successors, and assigns.

29.    <u>Modification</u>. The Plan may be altered, amended, or modified after the Confirmation Date only in accordance with section 1193 of the Code.

30.    <u>Final Order</u>. Notwithstanding Bankruptcy Rules 3020(e) and 6004(h) and any other Bankruptcy Rule, to the extent applicable, the Bankruptcy Court finds that there is no reason for delay in the implementation of this Confirmation Order, and thus this Confirmation Order shall be effective and enforceable immediately upon the entry thereof.

This Order has been signed electronically. The judge's
signature and court's seal appear at the top of the Order.                    United States Bankruptcy Court